FILED
SUPERIOR COURT
OF GUAM

2025 NOV 12 AM 10: 44

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BRYAN J. CRUZ,<br><br>                   Plaintiff,<br><br>vs.<br><br>DOUGLAS B. MOYLAN, in his official capacity as the ATTORNEY GENERAL OF THE OFFICE OF THE ATTORNEY GENERAL OF GUAM,<br><br>                   Defendants. | Civil Case No. CV0262-25<br><br>**DECISION DENYING DEFENDANT'S MOTION TO DISQUALIFY COUNSEL** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on September 2, 2025, for a Motion Hearing regarding Defendant's Motion to Disqualify Counsel. Attorney Jacqueline Taitano Terlaje from the Law Office of Jacqueline Taitano Terlaje P.C. ("LOJTT") appeared on behalf of Plaintiff Bryan J. Cruz. Attorney William B. Pole appeared on behalf of Defendant Douglas B. Moylan. After reviewing the record, relevant law, and arguments from the parties, the Court **DENIES** the Motion to Disqualify Counsel because this issue is now moot.

## BACKGROUND

The Office of the Attorney General of Guam ("OAG") employed Attorney Kristine Borja from January 2022 until August 23, 2024. Mot. to Disqualify Counsel at 4 (Jul. 7, 2025). She

worked in the General Crimes Division. *Id.*; Opp'n to Mot. to Disqualify Counsel at 2 (Jul. 31, 2025). She did not serve in any managerial role. Opp'n to Mot. to Disqualify Counsel at 2.

Cruz initiated this action against Moylan after Attorney Borja left the OAG and joined LOJTT. The complaint alleges that the OAG retaliated against Cruz for leaking an email outside the OAG. Verified Compl. for Retaliation (Apr. 17, 2025). Borja had no role in investigating the allegations involving Cruz, did not advise the OAG on its investigation, and did not participate in the adverse action or discipline of Cruz. Opp'n to Mot. to Disqualify Counsel at 2.

Cruz retained LOJTT to represent him before the Civil Service Commission (CSC) and in this and other proceedings. Mot. to Disqualify Counsel at 2-3. The CSC denied the OAG's motion to disqualify LOJTT in the proceedings before it. *Id.* at Ex. B.

Cruz filed the current action on April 17, 2025. *See* Verified Compl. for Retaliation. Moylan filed his Motion to Disqualify Counsel on July 7, 2025. *See* Mot. to Disqualify Counsel. Cruz filed his opposition on July 31, 2025. *See* Opp'n to Mot. to Disqualify Counsel. Moylan filed his Reply to Opposition to Objection to Disqualify Plaintiff's Law Office on Aug 14, 2025. *See* Reply to Opp'n to Obj. to Disqualify Pl.'s Law Office (Aug. 14, 2025).

## DISCUSSION

The OAG claims that 4 GCA § 15210 and Guam Rules of Professional Conduct 1.9, 1.10, and 1.11 require the disqualification of LOJTT and its attorneys, based on Borja's prior employment with the OAG.

**I. Section 15210 prevented Borja from representing Cruz for 12 months following her employment with the OAG.**

Section 15210(b), contained within Guam law provisions governing the standards of conduct for Government of Guam employees, imposes conditions on what a government employee may do after leaving their employment. The provision states:

> No former employee shall, within twelve (12) months after termination from employment, assist any person or business, or act in a representative capacity for a fee or other consideration, on matters involving official action by the particular territorial agency with which the employee had actually served.

The parties dispute whether this statute prevents Borja from representing Cruz. LOJTT contends that section 15210 bars Borja only from work in which she was personally involved; the OAG argues the law has broader coverage.

The Court starts its analysis with the statute's plain meaning, which it must liberally construe "to promote the highest standards of ethical conduct." 4 GCA § 15100, *Barrett-Anderson v. Camacho*, 2015 Guam 20 ¶ 23. On its face, the phrase "with which the employee had actually served" only makes sense as a qualifier of the phrase "by the particular territorial agency." On the contrary, it does not make sense if the phrase was construed to state, as LOJTT suggests, that an employee may not assist a person "on matters involving official action. . . with which the employee had actually served."

Even if not reading phrase by phrase, however, the Court reaches the same conclusion about the meaning of section 15210 when considering its implications liberally. To promote the highest standards of ethical conduct, the construction of section 15210 that ensures the greatest level of ethical conduct requires that a former government employee shall not act on matters involving official action against "the particular territorial agency with which the employee had actually served."

Moreover, contrary to what Borja proposes, the employee need not have worked on the action at issue in a substantial capacity to violate this law, the law gives no varying degree of substantiveness. Instead, the employee need only have worked in the organization. Applied here, because Borja worked in the OAG, section 15210 barred her from assisting Cruz related to official actions taken by that agency for the year following her separation from employment.

Setting aside the applicability of section 15210, LOJTT argues that this 12-month period has passed as of August 23, 2025, making the issue moot. The OAG counters that the statutory argument is not moot because the actions of Borja began within the twelve-month time frame required by the Guam Code Annotated. However, an issue becomes moot when the issue is no longer live. *Sananap v. Cyfred, Ltd.*, 2011 Guam 22 ¶ 5.

Again, turning to the plain language, section 15210 contains a one-year time limit as to what work a former government employee may perform relative to the government after separation. There are no further limitations on what an employee can do beyond the 12 months. Because Borja has now been separated from the OAG for over a year, section 15210 no longer bars her from representing Cruz. For that reason, this issue is now moot.

## II. The Guam Rules of Professional Conduct do not prevent Borja or LOJTT from representing Cruz.

The Guam Rules of Professional Conduct state that:

> [a] lawyer who, has formerly represented a client in a matter shall not thereafter represent another person *in the same or a substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Guam R. Prof'l Conduct 1.9(a) (emphasis added). The Rules also preclude an entire firm from representing a client if one lawyer in the firm is prevented from representing the client. GRPC 1.10. In addition, government employees have a special duty to not reveal information gained

during employment and "shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation." GRPC 1.11 (emphasis added).

The Guam Rules of Professional Conduct do not disqualify Borja because she did not personally and substantially participate in the adverse action against Cruz while working as an assistant attorney general. While she may have worked with Cruz, she was not his manager and not involved in the adverse action, nor gave legal advice to the OAG about the adverse action. Thus, the Court finds that Borja did not have a personal and substantial participation in Cruz's employment issues. This means that the Rules of Professional Conduct do not disqualify Borja, and in turn, LOJTT are not disqualified.

## CONCLUSION

The Court **DENIES** the motion to disqualify Attorney Borja and LOJTT. The twelve-month prohibition in section 15210(b) has passed, and the attorneys are not otherwise disqualified under the Guam Rules of Professional Conduct.

**SO ORDERED**, this _____11/12/25_____.

_____
**HONORABLE JOHN C. TERLAJE**
Judge, Superior Court of Guam

Page 5 of 5